COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      In re Haynes and Boone, LLP et al.

Appellate case number:   01-12-00341-CV

Trial court case number:  No. 2010-66863

Trial court:               80th Judicial District of Harris County, Texas

The parties are requested to file briefs by 11:00 a.m. on Friday, July 20, 2012, specifically addressing (1) whether federal courts have exclusive jurisdiction over all cases "arising under" federal antitrust law,[1] as opposed to merely all cases asserting federal antitrust claims;[2] and (2) if there is no statutory or other authority establishing exclusive federal jurisdiction over cases "arising under" federal antitrust law, whether *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct .2363 (2005), and *Minton v. Gunn*, 355 S.W.3d 634 (Tex. 2011), *petition for cert. filed*, No. 11-1118 (U.S. Mar. 9, 2012), provide the applicable analytical framework for determining whether state courts are prohibited from exercising subject-matter jurisdiction over state-law malpractice claims with embedded federal antitrust issues.

---

[1]     *See* 15 U.S.C. § 26 ("Any person . . . shall be entitled to sue *for and have injunctive relief, in any court of the United States* having jurisdiction over the parties, against threatened loss or damage by a violation of the antitrust laws . . . ."); 28 U.S.C. § 1337(a) ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies . . . ."). *Cf.* 28 U.S.C. § 1338(a) ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights.").

[2]     *See, e.g.*, *General Inv. Co. v. Lake Shore & M. S. Ry. Co.*, 260 U.S. 26 (1922) ("[a]s respects the Sherman Anti-Trust Act as it stood before it was supplemented by the Clayton Act . . . the civil remedies specially provided in the act for actual and threatened violations of its provisions were intended to be exclusive"); *Miller v. Granados*, 529 F.2d 393, 395 (5th Cir. 1976) ("the jurisdiction conferred by Congress on federal courts under the Sherman Act is exclusive").

The parties are further ordered to orally confirm the clerk's actual receipt of any materials electronically filed in this original proceeding and intended for the immediate attention of the judges on the panel.

It is so ORDERED.

Judge's signature: /s/ Michael Massengale
                            Acting for the Court

Panel consists of Justices Massengale, Brown, and Huddle

Date: July 18, 2012